UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE TURNER,<br><br>         Plaintiff,<br><br>   v.<br><br>MERCURY GROUP CORPORATION, et al.,<br><br>         Defendants. | Case No. 4:23-cv-05553-KAW<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: Dkt. Nos. 1, 2 |

On October 27, 2023, Plaintiff Terrance Turner proceeding pro se, filed a complaint and an application to proceed in forma pauperis ("IFP"). (Dkt. Nos. 1 & 2.) Having reviewed Plaintiff's complaint and application, the Court issues the following order to show cause.

**A.     Real Party in Interest and Standing**

As an initial matter, the allegations in the complaint do not appear to be about Plaintiff. Instead, he alleges he "is an affiliate of USSOCOM and The Federal Bureau of Investigations. Federal Bar Appointee, INTERPOL SEC 431170989," and "is charged with filing lawsuits during the natural course of business and life restitution activities beyond personal whim, beyond personal will, is the subject of monitory per CIA AND USSOCOM directive and military intelligence clearance clandestine programs." (Compl., Dkt. No. 1 at 17.)  Plaintiff alleges that this case involves "victims" named Raymond Medina and "Daughter Medina," who were "hit inappropriately in a motor vehicle traffic collision accident of fault, and liability by a 'Mercury Insurance' driver, the company of which is attempting to 'not pay at all regardless of fault and contract law obligations.'" (Compl. at 4.)

The general pro se provision set forth in 28 U.S.C. § 1654 provides that, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel…."

1	While this provision allows Plaintiff to prosecute his own actions, "[a] pro se plaintiff can only
2	'prosecute his own action in propria persona,' and 'has no authority to prosecute an action in
3	federal court on behalf of others.'" *United States ex rel. Welch v. My Left Foot Children's*
4	*Therapy, LLC*, 871 F.3d 791, 800 n.2 (9th Cir. 2017) (quoting *Stoner v. Santa Clara Cty. Office of*
5	*Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007)); *see also* Fed. R. Civ. P. 17(a)(1) ("An action must be
6	prosecuted in the name of the real party in interest."). This rule "is intended to protect litigants and
7	the court from vexatious and poorly drafted claims, and to ensure that litigants' rights are
8	advanced by individuals bound by duties of competence and professional ethics." *D.K. ex rel.*
9	*Kumetz-Coleman v. Huntington Beach Union High Sch. Dist.*, 428 F. Supp. 2d 1088, 1090 (C.D.
10	Cal. 2006) (citing *Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 231 (3rd Cir. 1998)). Given
11	this rule, Plaintiff has no authority to bring this case as a pro se plaintiff on behalf of Raymond
12	Medina and "Daughter Medina."

13	Further, Plaintiff's claims appear to fail as a matter of law because he did not suffer the
14	injuries alleged in his complaint. A plaintiff only has legal standing to sue when he has suffered
15	harm from the defendant's alleged wrongful conduct. *Lujan v. Defenders of Wildlife*, 504 U.S.
16	555, 560 (1992). Specifically, to have standing, a party must establish that: (1) it suffered an
17	"injury in fact;" (2) there is a causal connection between the injury and the allegedly wrongful
18	conduct; and (3) the injury would likely be redressed by a favorable decision. *Id.* at 560-61.
19	Because standing is a jurisdictional requirement, courts should sua sponte examine whether a
20	plaintiff has met their burden of establishing standing. *Bernhardt v. Cty. of Los Angeles*, 279 F.3d
21	862, 868 (9th Cir. 2002); *Lujan,* 504 U.S. at 561 ("[T]he party invoking federal jurisdiction has the
22	burden of establishing [standing].").

23	As noted above, Plaintiff's complaint rests entirely on events that are alleged to have
24	happened to Raymond Medina and "Daughter Medina." Since Plaintiff Turner is not the person
25	who suffered the alleged injuries, he does not have standing to pursue this action. *See Warth v.*
26	*Seldin*, 422 U.S. 490, 502 (1975) ("Petitioners must allege and show that they personally have
27	been injured, not that injury has been suffered by other, unidentified members… which they
28	purport to represent."); *see also Turner v. Kaweah Health Med. Ctr.*, 2023 WL 6851997, at *2

(S.D. Cal. Oct. 17, 2023) (dismissing Turner's complaint for lack of standing where he sought to bring claims on behalf of his clients); *Turner v. Eli Lily Co.*, 2023 WL 6851996, at *2 (S.D. Cal. Oct. 17, 2023) (same).

Accordingly, the Court ORDERS Plaintiff to show cause by **February 16, 2024** why this case should not be dismissed for lack of standing. If Plaintiff does not file a declaration by the deadline, or if the declaration does not show sufficient reason why he has standing to bring this lawsuit, this case will be reassigned to a district judge with the recommendation that it be dismissed with prejudice for lack of standing.

### B. IFP Application

Turning to Plaintiff's IFP application, the Court notes that the financial information provided in this case is not consistent with the information filed in other recently-filed cases in the Northern District. *See* Order to Show Cause, *Turner v. Athene,* No. 23-cv-06369-PCF (TSH) (N.D. Cal. Dec. 18, 2023), ECF No. 5 (comparing IFP applications in recent Northern District Cases and identifying inconsistencies). Here, Plaintiff contradicts himself within the application, stating that he earned no income in the past 12 months, while also attesting to have earned up to $6,000 per month at times during the past year. (Dkt. No. 2 at 1-2.)

Proceeding in forma pauperis is a privilege, not a right. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). As such, other judges in this district have denied Plaintiff's applications for providing inconsistent and confusing information, and they have subsequently dismissed his cases for failure to pay the filing fee. *See, e.g.,* Order Denying In Forma Pauperis Appl., *Turner v. Valor Merchant Services Company*, No. 23-cv-03381-WHA (JCS) (N.D. Cal. Jul. 7, 2023), ECF No. 7 ("Based on the information in the First and Second Applications, the Court finds that Plaintiff has failed to establish that he qualifies for in forma pauperis status because his responses continue to be too confusing and inconsistent to determine whether he is indigent."); Order Denying In Forma Pauperis Appl., *Turner v. USCENTCOM*, No. 23-cv-03387-TLT (JSC) (N.D. Cal. Jul. 20, 2023), ECF No. 6 (same).

Based on the information Plaintiff has provided in this and in other recently-filed IFP applications, he does not appear eligible to proceed in forma pauperis. Accordingly, the Court

3

ORDERS Plaintiff to show cause by **March 15, 2024** why his IFP application should not be denied based on the inconsistencies identified in application, as well as those identified in the December 18, 2023 order to show in *Turner v. Athene,* No. 23-cv-06369-PCF (TSH).

Plaintiff is advised that if he does not timely respond to this order to show cause by the March 15, 2024 deadline, and sufficiently explain these inconsistencies, or he does not pay the filing fee, the Court will deny the IFP application and reassign this case to a district judge with the recommendation that it be dismissed for failure to pay the filing fee.

IT IS SO ORDERED.

Dated: March 1, 2024

_____
KANDIS A. WESTMORE
United States Magistrate Judge